## ELIZABETH SHEDDY *vs.* JOHN GERAN & wife.

The performance of an agreement by a mortgagor to pay the mortgagee a sum equal to the amount of his debt if he would assign the mortgage to the mortgagor's attaching creditor as security instead of the attachment, does not extinguish the mortgage; and it can be enforced by the creditor, although, for a temporary purpose, he had reassigned it to the mortgagee, who afterwards assigned it back again.

WRIT OF ENTRY to recover possession of certain land in Lawrence.

At the trial in the Superior Court, before *Brigham*, C. J., there was evidence that, November 30, 1867, the tenant John Geran mortgaged the demanded premises to one Mary Hall; that afterwards the equity of redemption was conveyed to Ellen Geran, the other tenant; that in April, 1869, Mary Hall assigned the mortgage, and the debt secured by it, to the demandant; that, July 18, 1871, the demandant reassigned to Mary Hall, who June 3, 1872, again assigned to the demandant; that prior to these assignments the tenants were indebted to the demandant

and she had attached their property, a stock of groceries; that thereupon they applied to Mary Hall for assistance, and she, at their request, made the first assignment to the demandant to induce her to release the attachment, Mary Hall agreeing to accept from the tenants in groceries a sum equal to the sum secured by the mortgage; that in consideration of the assignment, the demandant released her attachment, and Mary Hall received the groceries according to the agreement; that the reassignment to Mary Hall was made to enable her to collect the demandant's debt for her; that Mary Hall again assigned to the demandant, without any new consideration, and that the debt due from the tenants to the demandant had never been paid.

The demandant contended, and asked the court to rule " that if, in consideration of the tenants furnishing Mary Hall with $500 in value of groceries, she assigned the mortgage deed and the note thereby secured to the demandant as security to her for the sum of $500 of the debt due from the tenant to her, to induce her to release her attachment, and $500 of such debt remained unpaid when the action was commenced, then the demandant could maintain the action, notwithstanding a sum equal to the debt due to Mary Hall, originally secured by the mortgage deed, had been, under the arrangement hereinbefore stated, paid in groceries furnished by the tenants to her."

The court refused to rule as requested, but ruled that the action could not be maintained upon the facts in evidence, and directed a verdict for the tenants. The case was reported to this court at the request of the parties. If the ruling and the direction of the court, and the verdict thereupon, were erroneous, a new trial was to be ordered; otherwise judgment was to be entered upon the verdict.

*E. T. Burley & A. R. Sanborn,* for the demandant.

*H. C. Bacon & H. F. Hopkins,* for the tenants.

WELLS, J. The instructions asked for by the demandant should have been given. After the assignment of the note and mortgage to the demandant, with the knowledge and assent of the tenants, no transaction between the tenants and Mary Hall, even if intended as payment of the original debt, could defeat the right of the demandant to enforce the note and mortgage.

Under the arrangement, to which all three were parties, the transaction was not a payment of the original debt, but a payment of the consideration upon which Mary Hall consented to transfer the note and mortgage to the demandant. It discharged Mary Hall's right to a return of the securities to herself when the purpose of the transfer to the demandant should have been accomplished, and all further right to control the disposition thereof. But the note remained a valid security to the demandant, and may be enforced by her. She retained the beneficial interest, notwithstanding the transfer back to Mary Hall for a temporary and special purpose, and now has both the beneficial interest and the legal title. *New trial ordered.*