NOAH RANKIN & another *vs.* FITCHBURG MUTUAL FIRE INSURANCE COMPANY.

Worcester. October 2, 1889. — October 3, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Equity Practice — Appeal — Report of Evidence.*

The only question, upon an appeal from the final decree of a single justice of this court, sitting in equity, without a report of the evidence, is whether the decree was warranted by the pleadings; and upon such an appeal the decree was *held* to be fully warranted.

BILL IN EQUITY, filed December 5, 1888, alleging, in substance, that the defendant insurance company for many years prior to July 7, 1881, conducted its business in two classes, and kept the assets and liabilities of each class distinct from each other; that the plaintiffs before and after that date were policy holders of the second class; that on that date, the assets of the second class being in excess of its liabilities, the defendant, by a vote of a few of its policy holders, consolidated the assets and liabilities of both classes into one class, in which it has since conducted its business; and that the plaintiffs were entitled to a proportionate part of the surplus assets in the second class, and had demanded payment thereof; and the prayer of the bill

was, among other things, that the defendant might be ordered to pay to them the sums to which they were entitled.

The answer alleged, among other things, that the merging of the two classes was made upon a good consideration, and was assented to and ratified by all the defendant's policy holders, including the plaintiffs; that the plaintiffs had been guilty of laches ; that the surplus assets referred to had been paid out by the defendant, with the consent and acquiescence of the plaintiffs ; and that the suit was commenced and was being carried on by a third person, under a champertous or other inequitable agreement with the plaintiffs; and that the statute of limitations was a bar.

The case was heard upon the pleadings and proofs, by *C. Allen*, J., who made a decree dismissing the bill. The plaintiffs appealed, the evidence not being reported, to the full court.

*G. D. Williams & S. B. Wood*, for the plaintiffs.

*E. R. Hoar & H. C. Hartwell*, for the defendant.

BY THE COURT. As no report of the evidence was requested at the hearing below, the only question raised by the appeal is whether the decree is warranted under the pleadings. There can be no doubt that it is so warranted. *O'Hare* v. *Downing*, 130 Mass. 16.        *Decree affirmed.*