GEORGE W. ANDERSON, administrator, *vs.* ADELINE F.
LEAROYD.

Suffolk.    March 16, 1900. — June 21, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Fraudulent Assignment of Mortgage — Decree warranted by Pleadings.*

Under the pleadings in this case, which was a bill in equity by an administrator
against the intestate's widow, alleging that a mortgage had been paid by the
intestate and discharged by the mortgagee, but that afterwards the intestate,
while embarrassed, had caused the mortgagee to execute an assignment to the
defendant as though the mortgage had not been paid and discharged, for the
purpose of defrauding his creditors, and praying that the defendant be ordered
to execute a discharge, the judge would have been justified in finding, if the
evidence warranted him in so doing, that the mortgage was duly assigned to the
defendant, and that the legal title to it vested in her, and that there was no intent
to hinder or delay her husband's creditors either on her part or his.

BILL IN EQUITY, by an administrator, against the widow of
an intestate, praying that she be ordered to execute and deliver
to the plaintiff a release and discharge of a mortgage.    Hearing
in the Superior Court, before *Lilley*, J., who entered a decree
dismissing the bill with costs ; and the plaintiff appealed.    He
also filed a motion, which was denied ; and he appealed.    The
nature of the bill and of the motion appears in the opinion.

*G. W. Anderson, pro se.*

*F. E. Farnham*, for the defendant, submitted the case on a
brief.

MORTON, J.    There was a motion by the plaintiff in the
Superior Court that the evidence taken by the official stenogra-
pher should be reported to the full court.    The motion was
denied ; and the plaintiff appealed to this court, and the matter
has been decided against him here.    There remains only his
appeal from the decree dismissing the bill with costs.

No evidence is before us, and the only question, therefore, is
whether the decree is warranted by the pleadings.    *Rankin* v.
*Fitchburg Ins. Co.* 150 Mass. 55.

The substance of the plaintiff's bill is that the mortgage had
been paid by the defendant's husband, and had been discharged

by the mortgagee, but that afterwards the defendant's husband, being in embarrassed circumstances, caused the mortgagee to execute an assignment of the mortgage to the defendant as though the mortgage had not been paid and discharged, for the purpose of securing the same to his own use and benefit and defrauding his creditors; and that no valuable consideration moved from the defendant, and she participated in her husband's fraudulent purpose. The answer admits that the defendant's husband paid to the mortgagee the full amount due under the mortgage, but denies that the mortgage was discharged, and alleges that, by a writing made at the time and executed by the mortgagee, it was assigned, and was intended to be assigned, to the defendant; and that afterwards, on hearing that this writing was informal and irregular, a proper assignment was placed on record by the defendant. It denies the charges of fraud and collusion, and that the defendant's husband, either at the time of the original transfer of the mortgage or at the time of the recording of the assignment, was in embarrassed circumstances, but alleges that he was able to pay, and did pay, all his debts.

It is manifest that under these pleadings the court would have been justified in finding, if the evidence warranted it in so doing, that the mortgage was duly assigned to the defendant, and that the legal title to it vested in her, and that there was no intent to hinder or delay her husband's creditors either on her part or his. Whether what took place operated as a payment and discharge of the mortgage or as an assignment was a question of fact depending on the intention of the parties. *Brown* v. *Lapham*, 3 Cush. 551. The fact that the mortgagor paid to the mortgagee the amount due under the mortgage would not necessarily operate as a payment and discharge of the mortgage and render an assignment of it by the mortgagee to a third party invalid. *Sheddy* v. *Geran*, 113 Mass. 378. *Hall* v. *Southwick*, 27 Minn. 234. Moreover, the writing that was executed by the mortgagee at the time she received the amount due had some tendency to show that what she received came from the defendant.

*Decree affirmed.*