REGINALD C. TEAL & another *vs.* MICHAEL JAGIELO.

Worcester. September 25, 1950. — March 7, 1951.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Way*, Private: creation. *Easement. Estoppel. Equity Pleading and Practice*, Report of evidence.

An order by the trial court for a report of the evidence in a suit in equity is necessary in order properly to bring the evidence before this court under G. L. (Ter. Ed.) c. 214, § 24, as amended by St. 1947, c. 365, § 1; Rule 76 of the Superior Court (1932), even though the request for a report need not be made before any evidence is offered.

A deed wherein the granted parcel was bounded by a certain "road," also owned by the grantor, created by estoppel an easement of way over the road as appurtenant to the granted parcel.

BILL IN EQUITY, filed in the Superior Court on June 29, 1948.

The suit was heard by *Giles*, J.

*M. F. Murphy & P. J. Murphy*, for the plaintiffs, submitted a brief.

No argument nor brief for the defendant.

QUA, C.J. The plaintiffs appeal from a decree of the Superior Court dismissing their bill by which they sought to enjoin the defendant from interfering with the plaintiffs' use of Old Dudley Road as a way appurtenant to their land in Oxford.[1]

---

[1] The bill alleges that the defendant assaulted the male plaintiff while attempting to use the road and removed his automobile therefrom. The defendant denies this.

The evidence is printed with the record, but it is not properly before us and cannot be considered, since there was no order in the Superior Court providing for any report of the evidence. Although G. L. (Ter. Ed.) c. 214, § 24, as amended by St. 1947, c. 365, § 1, no longer requires that the request that the evidence be reported must be made before any evidence is offered, it is still necessary that the court act upon such request, whenever made, in accordance with Rule 76 of the Superior Court (1932). *Anderson* v. *Learoyd,* 176 Mass. 431. *Lannin* v. *Buckley,* 256 Mass. 78, 80–81. *Brodrick* v. *O'Connor,* 271 Mass. 240, 242–243. *Abeloff* v. *Peacard,* 272 Mass. 56, 59. *Bowles* v. *Comstock,* 286 Mass. 159, 162. *Silke* v. *Silke,* 325 Mass. 487. *Thayer Co.* v. *Binnall,* 326 Mass. 467, 482.

Nevertheless, we are of opinion that the somewhat meager findings of the judge disclose error in the dismissal of the bill. The facts which appear decisive are that under date of July 15, 1943, the defendant conveyed two adjoining parcels of land to Ernest L. Smith and Martha Smith; that in this deed the second parcel was bounded by "the old Dudley Road"; and that under date of April 10, 1948, the Smiths conveyed this parcel to the plaintiffs by the same description, bounding it by "the old Dudley Road," and expressly including in the conveyance "all rights which the grantors have in said old Dudley Road." Old Dudley Road was discontinued in 1833. The plaintiffs in their bill allege that the defendant claims ownership of the entire Old Dudley Road to the exclusion of any rights of the plaintiffs or of the public, and the defendant in his answer admits that he does so claim "in so far as it relates to the road which adjoins" his property. The judge found that the defendant owns "the land referred to as Old Dudley Road, which adjoins the land of the plaintiffs."

We think that when the defendant conveyed the parcel in question to the Smiths bounding it by Old Dudley Road, he in effect created an easement of way in that road appurtenant to the land granted and estopped himself as against the Smiths and their grantees, the plaintiffs, from denying

the existence of such easement over his land within the limits of the way. This principle of estoppel has been applied many times in similar circumstances, whether or not there was actually any way in existence at the time of the grant in the location designated. It seems to have become a rule of law rather than a mere canon of construction. *Parker* v. *Smith*, 17 Mass. 413. *O'Linda* v. *Lothrop*, 21 Pick. 292, 296–297. *Parker* v. *Framingham*, 8 Met. 260, 267–268. *Tufts* v. *Charlestown*, 2 Gray, 271. *Thomas* v. *Poole*, 7 Gray, 83. *Gaw* v. *Hughes*, 111 Mass. 296. *New England Structural Co.* v. *Everett Distilling Co.* 189 Mass. 145, 151–152. *Oldfield* v. *Smith*, 304 Mass. 590, 595–597. *Frawley* v. *Forrest*, 310 Mass. 446, 451. *Patterson* v. *Simonds*, 324 Mass. 344, 352. *Casella* v. *Sneierson*, 325 Mass. 85, 89–91. Tiffany on Real Property (3d ed.) § 799.

The general finding in favor of the defendant that "the plaintiffs have no right by grant or otherwise to use the land in question" cannot stand, since it is inconsistent with the more specific facts hereinbefore stated.

A further question whether the plaintiffs acquired title in the soil of half the way under the rule of presumption illustrated by such cases as *Erickson* v. *Ames*, 264 Mass. 436, 442–445, and *Suburban Land Co. Inc.* v. *Billerica*, 314 Mass. 184, 188–189, is not presented by the pleadings, has not been argued, and is not decided.

The final decree is reversed, and a new final decree is to be entered perpetually enjoining the defendant from interfering with the use by the plaintiffs of Old Dudley Road, as originally laid out, for the general purposes of a street or way appurtenant to the plaintiffs' land.

*So ordered.*