# RESCRIPTS WITHOUT OPINIONS.

Pursuant to the requirements of G. L. (Ter. Ed.) c. 211, § 9, the Reporter publishes the following:

EMILE J. MONAST vs. EDWARD A. BRODEUR & another. May 9, 1957. Interlocutory decree affirmed. Final decree to be modified to conform with the order of the trial judge. As so modified it is affirmed. In this bill under G. L. (Ter. Ed.) c. 214, § 3 (7), by a judgment creditor of the principal defendant, Brodeur, to reach and apply in payment of the judgment an obligation of the defendant Joseph G. E. Gaudette as administrator of the estate of Ezra M. Gaudette, there were findings of fact by the trial judge and an order for a final decree establishing the indebtedness of Brodeur to the plaintiff and ordering Gaudette as administrator to pay to the plaintiff in partial satisfaction of the judgment the amount of money owed to Brodeur by the estate. Brodeur has appealed from an interlocutory decree denying his motion to amend his answer and a final decree establishing his indebtedness to the plaintiff and ordering him to pay costs. There was no abuse of discretion in denying the motion to amend his answer. The findings of facts were sufficient to justify the final decree which was ordered to be entered, and must stand in the absence of a report of the evidence. It appears that a motion to appoint a stenographer to make such a report was filed after the report of facts and order for final decree and was not acted upon. The evidence although printed is therefore not properly before us. *Teal* v. *Jagielo*, 327 Mass. 156, 157. *Delorafano* v. *Delafano*, 333 Mass. 684, 685. If it were the decision of the case would not be affected.

*Edward A. Brodeur*, pro se.
*John J. George*, for the plaintiff.