RYAN PORTER, trustee,[1] & another[2] vs. CLARENDON NATIONAL
INSURANCE COMPANY & another.[3]

No. 09-P-964.

Norfolk. January 12, 2010. - April 26, 2010.

Present: CYPHER, KAFKER, & TRAINOR, JJ.

*Insurance,* General liability insurance, Insurer's obligation to defend, Owned
property exclusion, Property damage. *Contract,* Insurance. *Real Property,*
Trespass.

In a Superior Court action among insurers regarding which of them had a duty
to defend the insured in a lawsuit for trespass, which arose out of a misplaced
retaining wall and the construction of two parking spaces on property abut-
ting the insured's, the judge erred in granting summary judgment in favor
of the defendants, who alleged that the trespass complaint limited the
claim for damages to periods after their policies had expired, where the
trespass complaint, broadly interpreted, sufficiently stated a claim for
continuous trespass to trigger the defendants' duty to defend the lawsuit
[659-660], and where the provisions in the defendants' policies excluding
coverage for property damage to property occupied by the insured and for
damages caused by the insured's work were inapplicable [660-662].

CIVIL ACTION commenced in the Superior Court Department on
March 21, 2007.

The case was heard by *Elizabeth B. Donovan,* J., on motions
for summary judgment.

*Owen P. McGowan* for the plaintiffs.

*Samuel M. Furgang* for Clarendon National Insurance
Company

*Steven J. Bolotin* for Greater New York Mutual Insurance
Company.

KAFKER, J. General liability insurers dispute which of them
had a duty to defend the insured, 1915 Beacon Street Condo-
minium Trust, in a 2004 lawsuit for trespass. The trespass claim

---

[1] Of 1915 Beacon Street Condominium Trust.

[2] Vermont Mutual Insurance Company.

[3] Greater New York Mutual Insurance Company.

arose out of a misplaced retaining wall and the construction of two parking spaces on property abutting the insured's. The defendant insurers argue that the complaint in that 2004 lawsuit limited the claim for damages to periods after their policies expired. Furthermore, they argue that various coverage exclusions apply. We conclude that the trespass complaint, broadly interpreted, sufficiently stated a claim for continuous trespass to trigger the defendants' duty to defend the lawsuit, and the exclusions were inapplicable. We therefore reverse the judgment of the Superior Court.

*Background.* The insured, 1915 Beacon Street Condominium Trust (trust), and the plaintiff in the underlying lawsuit, Circle Ventures, LLC (Circle Ventures), own neighboring properties in Brookline. At some point, before October 1, 2000,[4] the trust constructed a retaining wall and two parking spaces on land owned by Circle Ventures. After constructing the retaining wall and parking spaces, the trust obtained insurance coverage from a series of general liability insurers. Greater New York Insurance Company (Greater New York) insured the trust from October 1, 2000, to October 1, 2001. Clarendon National Insurance Company (Clarendon) insured the trust from October 1, 2001, to October 1, 2003, and Vermont Mutual Insurance Company (Vermont Mutual) insured the trust from October 23, 2003, to at least October 24, 2007.

On September 13, 2004, Circle Ventures demanded, by letter, that the trust remove the retaining wall and parking spaces. The trust did not comply. On November 9, 2004, Circle Ventures filed the underlying lawsuit, alleging that the trust's refusal to remove the wall resulted in $25,000 in damages to Circle Ventures. The complaint went on to state, in paragraph eight,

"Accordingly, as a direct and proximate result of the 1915

---

[4]Nothing in the record indicates the precise date of construction. The unverified reply of the trust in the underlying lawsuit claims that the trust exercised exclusive control over the parcel since at least 1983. The unverified complaint in this lawsuit claims, "Witnesses have testified that the structure which the plaintiff alleges constituted the trespass existed from the late 1990's [*sic*] through 2004." Vermont Mutual's motion for summary judgment below says, "During the course of discovery it was learned that the concrete retaining wall and two parking spaces had existed upon land allegedly owned by Circle Ventures, LLC since at least 2000."

Trust's continuing trespass and refusal to remove the existing retaining wall, Circle Ventures has suffered damages in excess of $25,000, including but not limited to, the cost of having to remove the trespassing retaining wall, and the wrongful use of the Circle Ventures Property for parking without just compensation to Circle Ventures."

The trust filed an answer and counterclaim, alleging that it began occupying the property in 1983, thereby acquiring title by adverse possession. At some point during that underlying lawsuit, Vermont Mutual began defending the trust.[5]

On March 2, 2006, Vermont Mutual sent letters to Greater New York and Clarendon, demanding that those insurers contribute to the defense of the underlying lawsuit. Greater New York and Clarendon refused to defend.

On March 21, 2007, Vermont Mutual and the trust sued Greater New York and Clarendon in the lawsuit that led to this appeal. The complaint sought, inter alia, a declaration that Greater New York and Clarendon had a duty to defend the trust in the underlying lawsuit, and the two insurers owed Vermont Mutual the value of the services it had rendered in defense of the trust. Shortly thereafter, in April, 2007, the trust settled the underlying lawsuit with a payment of $27,500 to Circle Ventures.[6]

Greater New York, Clarendon, and Vermont Mutual filed cross motions for summary judgment in this case. On February 19, 2009, a Superior Court judge granted summary judgment to Greater New York and Clarendon on all counts, and denied summary judgment to Vermont Mutual on the declaratory judgment counts. The motion judge read the underlying complaint as stating a claim only for trespass from September, 2004, forward, and ruled that the trespass therefore did not occur during the policy periods of the Greater New York or Clarendon

[5]The record, as presented to us, does not indicate when Vermont Mutual first became involved in the underlying lawsuit. For purposes of our decision, however, the precise date is immaterial.

[6]The parties dispute the basis for the settlement amount. The trust and Vermont Mutual claim that the amount represents the fair market rental value of two parking spaces since the date of their construction. Greater New York and Clarendon, however, claim that nothing in the summary judgment record supports that claim. Regardless, this issue cannot be resolved based on the record before us.

policies. She further ruled that certain coverage exclusions applied to the underlying lawsuit. She concluded that Greater New York and Clarendon had neither a duty to defend nor a duty to indemnify the trust in the underlying lawsuit.[7]

*Discussion.* This appeal presents us with a pure question of law. Mass.R.Civ.P. 56(c), 365 Mass. 824 (1974). The parties agree to the relevant facts, and the cross motions for summary judgment asked the motion judge to apply law to those facts. See *Herbert A. Sullivan, Inc.* v. *Utica Mut. Ins. Co.*, 439 Mass. 387, 394 (2003). We therefore review the conclusions of law of the motion judge de novo, considering the same summary judgment record. *Matthews* v. *Ocean Spray Cranberries, Inc.*, 426 Mass. 122, 123 n.1 (1997).

An insurer has a duty to defend an insured in third-party actions if "the allegations of the complaint are 'reasonably susceptible' of an interpretation that they state or adumbrate a claim covered by the policy terms." *Sterilite Corp.* v. *Continental Cas. Co.*, 17 Mass. App. Ct. 316, 318 (1983). See *Continental Cas. Co.* v. *Gilbane Bldg. Co.*, 391 Mass. 143, 146-147 (1984) (adopting the *Sterilite* standard).

In interpreting the policy, we construe any ambiguity in the policy language against the insurer. *Jefferson Ins. Co. of New York* v. *National Union Fire Ins. Co.*, 42 Mass. App. Ct. 94, 97-98 & n.11 (1997). Similarly, we interpret any exclusions from coverage strictly in favor of coverage for the insured. See *Hakim* v. *Massachusetts Insurers' Insolvency Fund*, 424 Mass. 275, 281 (1997); *Preferred Mut. Ins. Co.* v. *Gamache*, 42 Mass. App. Ct. 194, 198, *S.C.*, 426 Mass. 93 (1997). We consider the parties' claims in that context.

In defense of their decision not to defend the trust in the underlying lawsuit, Greater New York and Clarendon make three arguments.[8] First, they argue that the property damage did not

---

[7]This opinion considers only whether Greater New York and Clarendon had a duty to defend the insured in the 2004 trespass action. The Superior Court judge ruled that they had neither a duty to defend nor a duty to indemnify, and therefore granted summary judgment to the defendants. On appeal, the trust and Vermont Mutual argue only that the defendants had a duty to defend. We therefore need not address the narrower question whether the defendants had a duty to indemnify.

[8]We consider the Greater New York policy and the Clarendon policy together because their relevant language is identical.

"occur" during their respective policy periods because the Circle Ventures complaint only sought damages for trespass after 2004. Second, they argue that the policies' "own, rent, or occupy" exclusion applies because the insured occupied the disputed land by trespassing. Third, they argue that the policies' "your work" exclusion applies because the insured built the retaining wall.[9] We disagree with each of these contentions.

1. *Continuous trespass.* The Circle Ventures complaint, read broadly, reasonably stated a claim for negligent trespass during the policy periods of both Greater New York and Clarendon. See *Sterilite, supra.* The complaint alleged $25,000 in damages as a direct and proximate result of the trust's continuing trespass and "refusal to remove the retaining wall, including the cost of removing the wall and the wrongful use of the Circle Ventures property."

A trespass may occur continuously. See *Silverleib* v. *Hebshie,* 33 Mass. App. Ct. 911, 913 (1992). When a trespass is caused by the erection of a permanent structure, that trespass commences on a date certain, and the trespass continues as long as the offending structure remains. See Restatement (Second) of Torts § 161(1) (1965). See also *Asiala* v. *Fitchburg,* 24 Mass. App. Ct. 13, 19 (1987) ("where a continuing nuisance exists [because of a negligently constructed retaining wall], the invasion of the plaintiff's interest recurs daily and her cause of action will not be time barred even if she first became aware of the nuisance more than three years before bringing an action").

Here, the trust built a retaining wall and paved two parking spaces on an abutter's property some time before 2000. The retaining wall and parking spaces remained on the abutter's property until the abutter sued in 2004. The trespass, therefore, occurred continuously, for the duration of all three policies. See *Silverleib, supra* at 912; Restatement (Second) of Torts § 161(1) (1965).

The defendants nonetheless argue that the underlying complaint only sought damages for the refusal to remove the retaining wall following the September 13, 2004, demand letter, and

---

[9]Greater New York raised a statute of limitations defense for the first time in a letter to the court, pursuant to Mass.R.A.P. 16(l), as amended, 386 Mass. 1247 (1982), three weeks after oral argument. We decline to address the issue because it is not properly before us.

not for the earlier trespass. As explained above, paragraph eight of the underlying complaint reads more broadly than that. In determining whether the allegations of the complaint reasonably "adumbrate a claim covered by the policy terms," we do not adopt the narrow construction proposed by the defendant. See *Sterilite, supra.*

In *J. D'Amico, Inc.* v. *Boston*, 345 Mass. 218, 224 (1962), for example, the Supreme Judicial Court ruled that a complaint seeking relief for an intentional trespass could adumbrate a claim for a negligent trespass. There, a contractor cut down several trees while repairing a street. *Id.* at 219-220. The owner of the trees sued the contractor, seeking damages for wilfully cutting down the trees. *Id.* at 220. The Supreme Judicial Court ruled that, while the contractor's general liability policy would exclude coverage for wilful trespass, the complaint was broad enough to adumbrate a claim for negligent trespass. *Id.* at 224. The court therefore found the insurer had a duty to defend the contractor. *Ibid.* We likewise conclude that the complaint here adequately stated a claim for continuing trespass — caused by placement of the retaining wall and the parking spaces on the abutter's property — occurring during the periods of time covered by the insurance policies. See *Sterilite*, 17 Mass. App. Ct. at 319.

2. *Exclusions.* The Greater New York and Clarendon policies both exclude coverage for property damage to "[p]roperty you own, rent, or occupy." Greater New York and Clarendon argue that because the insured "occupied" the disputed property by erecting a retaining wall and paving two parking spaces, there was no coverage. We disagree.

The "own, rent, or occupy" exclusion is common to commercial general liability policies. 9 Couch, Insurance § 126:16 (3d ed. 1997). That exclusion prevents the insured from using the general liability policy as property insurance. See *Rubenstein* v. *Royal Ins. Co. of Am.*, 44 Mass. App. Ct. 842, 853 (1998). "What the exclusion means is that the [general liability] policy was intended to cover only liability of the insured to third parties and not [damage to] the property of the insured." *Id.* Here, the damage caused by the trespass was to a third party's property, not property of the insured. Thus, the exclusion is not applicable.

This same analysis was adopted by the Supreme Judicial Court of Maine in *Massachusetts Bay Ins. Co.* v. *Ferraiolo Constr. Co.*, 584 A.2d 608, 611 (Me. 1990), in a similar trespass suit. In that case, the insured was sued for operating a gravel pit so as to trespass on the plaintiff's property. *Ibid.* The insured's general liability insurer, however, refused to defend, citing the policy exclusion for property occupied by the insured. *Ibid.* The Supreme Judicial Court of Maine rejected the insurer's argument, saying,

> "The exclusion is clearly not applicable to this case. Its purpose is to prevent liability insurance from operating as casualty insurance for damage to the insured's own property. We read it to exclude from coverage only damage to property lawfully occupied by the insured."

*Ibid.*[10]

Finally, Greater New York and Clarendon[11] argue that the damage caused by the presence of the retaining wall and parking spaces are excluded from coverage under the "your work" exception because the insured erected the retaining wall and paved the parking spaces. They argue that the damages in question were therefore caused by the insured's work and not covered. We disagree.

The policy at issue excluded coverage for "[d]amages claimed

---

[10]Further support for our position is provided by cases holding that the "care, custody, or control" exclusion cannot apply where the insured took control of the damaged property without permission. In light of that similarity, we are persuaded by the decisions of several other jurisdictions, holding that the care, custody, and control exclusion cannot apply where the insured took control of the damaged property without permission. See, e.g., *Great American Indem. Co. of N.Y.* v. *Saltzman*, 213 F.2d 743, 747-748 (8th Cir.), cert. denied, 348 U.S. 862 (1954) (insured trespassed into aircraft, engaged engines, and crashed plane into nearby hangar); *U.S. Fire Ins. Co.* v. *Schnabel*, 504 P.2d 847, 851 (Alaska 1972) (contractor built road across plaintiff's property without permission); *Ferguson* v. *Birmingham Fire Ins. Co.*, 460 P.2d 342, 346 (Or. 1969) (insured's employee cut down trees on abutter's property); *P & M Stone Co.* v. *Hartford Acc. & Indem. Co.*, 100 N.W.2d 28, 30 (Iowa 1959) (insured's employee, in attempting to dislodge his stranded automobile using plaintiff's bulldozer, damaged bulldozer). See also 9 Couch, Insurance § 126:16 (discussing similarity of owned or occupied and care, custody, or control provisions). In each case, the courts have interpreted the exclusion narrowly, ruling that a trespasser does not exercise control over the damaged property for purposes of the exclusion.

[11]In fact, Clarendon failed to make such an argument on appeal. Since the

for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of (1) 'Your product' (2) Your work." In this context, "Your work" is defined as "[w]ork or operations performed by you or on your behalf." The provision operates to exclude repair or replacement costs for faulty workmanship by the insured that it has been contracted or otherwise hired to perform. That is because general liability "coverage is for tort liability for physical damages to others and not for contractual liability of the insured for economic loss because the product or completed work is not that for which the damaged person bargained." *Commerce Ins. Co.* v. *Betty Caplette Builders, Inc.*, 420 Mass. 87, 91 (1995), quoting from Henderson, Insurance Protection for Products Liability and Completed Operations — What Every Lawyer Should Know, 50 Neb. L. Rev. 415, 441 (1971).

The complaint here was not brought by someone involved in a contract or project with the insured, seeking repair or replacement costs for faulty work on the damaged property. Rather, an abutter to the insured, with no contractual or other business relationship with the insured, sought trespass damages. Consequently, the exclusion does not apply. *Id.* at 92.[12]

*Conclusion.* We conclude that both Greater New York and Clarendon had a duty to defend the underlying lawsuit because the complaint in that suit could reasonably be interpreted to state a claim against the insured that was covered by their respective policies. *Sterilite*, 17 Mass. App. Ct. at 318. None of the policy exclusions applies. We therefore reverse the judgment of the Superior Court allowing summary judgment for the defendant insurers.

*So ordered.*

---

motion judge relied at least in part on this argument in granting summary judgment for Clarendon, we will address the issue for both defendants.

[12]A similar argument was made in *Perkins Ins. Co.* v. *Miller*, 854 N.E.2d 693, 700 (Ill. App. Ct. 2006). There, a tree-clearing company contracting with another party mistakenly cleared three lots owned by the plaintiff. *Id.* at 695. The company's general liability insurer refused to defend the ensuing lawsuit, citing the your work provision. *Ibid.* The Illinois Appeals Court ruled that the exclusion did not apply as it was at best ambiguous. *Id.* at 701. See *Thommes* v. *Milwaukee Ins. Co.*, 641 N.W.2d 877, 883 (Minn. 2002) (similar facts).