GENOVA vs. CORNELL, MISC 20-000227

































 
 ARTHUR & PATRICIA GENOVA, Individually and as Trustees of The Thirty Seven Wyndham Hill Drive Realty Trust, Plaintiffs, v. STEPHEN CORNELL, Defendant
 MISC 20-000227 
 JANUARY 21, 2021
PLYMOUTH, ss.
ROBERTS, J.
MEMORANDUM OF DECISION AND ORDER DENYING DEFENDANT'S RULE 12 AND RULE 64 MOTIONS AND ALLOWING PLAINTIFF'S RULE 12(c) MOTION














 INTRODUCTION 





 Plaintiffs Arthur and Patricia Genova, individually and as Trustees of The Thirty Seven Wyndham Hill Drive Realty Trust ("the Genovas"), commenced this action on June 22, 2020 against defendant Stephen Cornell ("Mr. Cornell") seeking, among other things, a preliminary injunction requiring that Mr. Cornell remove obstructions blocking the Genovas' access to their dock on Island Pond ("the Pond") in Plymouth, Massachusetts. This is only the most recent salvo in a battle between the Genovas and their neighbors involving, among other things, rights in the bed of the Pond and in a road adjacent to the Pond now known as Smaland Lane, formerly known as Crescent Road ("Smaland Lane/Crescent Road"). Earlier bifurcated proceedings in the Superior Court Department of the Trial Court between the Genovas and Smaland Beach Association, Inc. ("the SBA"), a neighborhood association and the Genovas' immediate abutter, resulted in a bench trial and a jury trial before a judgment issued. Both sides appealed, leading to the Appeals Court's decision in Smaland Beach Ass'n, Inc. v. Genova, 94 Mass. App. Ct. 106 (2018), a decision which has more than passing importance here and will be described in further detail below. After the September 2018 Smaland decision, Mr. Cornell, who was not a party to that litigation, strategically placed objects within the confines of Smaland Lane/Crescent Road that had the effect of blocking the Genovas from reaching the shoreline of the Pond to seasonally install and use their dock on the Pond. This lawsuit followed. 





 Mr. Cornell's motion to report issues to the Supreme Judicial Court ("the Rule 64 Motion"), his motion to dismiss this action because of the Genovas' claimed lack of standing and the absence of indispensable parties ("the Motion To Dismiss") and Plaintiffs' Motion For Judgment On The Pleadings ("Motion For Judgment") are presently before the court. As is set forth below and for the reasons stated on the record at the hearing on these motions, the Rule 64 Motion and the Motion to Dismiss are DENIED and the Motion For Judgment is ALLOWED. 





UNDISPUTED FACTS 





 Judgment on the pleadings is proper where, after the pleadings are closed, there are no issues of material fact and only issues of law remain to be determined. [Note 1] The following are facts that were alleged in the Genovas' Verified Complaint ("VC") and admitted in Mr. Cornell's amended answer thereto, or are facts of which the court takes judicial notice. 





 1. The Genovas are the owners of Lots 18 ("Lot 18") and 44 as shown on a plan entitled "Plan Of Camp Lots At Great Herring Shores The Cape's Master Camp Site Main Office -- Red Log Cabin At Junction Of Canal Road At Buzzards Bay -- Phone -- Buzzards Bay 345 -- Buzzards Bay -- Mass. Unit B." ("the Unit B Plan") by deed to them individually dated February 4, 1975 and recorded in the Plymouth County Registry of Deeds ("the Registry") at Book 4049, Page 187 ("the 1975 Deed"), and subsequently conveyed by them to themselves as Trustees of The Thirty Seven Wyndham Hill Drive Realty Trust by deed dated December 14, 2017 and recorded in the Registry at Book 49431, Page 192 ("the 2017 Deed"). VC ¶¶ 4, 7-8 and Exs. B-D. 





 2. The 1975 Deed and the 2017 Deed both convey Lot 18 by reference to "a plan of 'Great Herring Shores, Unit B' drawn by A.L. Wheeler, dated October 1, 1926, duly recorded with Plymouth County Deeds," i.e., the Unit B Plan. VC Exs. B, C. 





 3. The Unit B Plan shows a 90-lot subdivision entered from the west on Little Sandy Pond Road, then ringed by Summit Road to the west, Smaland Lane/Crescent Road and then the Pond to the northwest and north, the continuation of Crescent Road to the east and Intervale Road to the south. VC Ex. D. 





 4. Lots 18 through 20 on the Unit B Plan are located south of Smaland Lane/Crescent Road, directly abut it and it, in turn, abuts the Pond. Id. 





 5. The owners of the land shown on the Unit B Plan at the time of its creation were Messrs. Albert K. Kendrick and Louis B. Hall ("Messrs. Kendrick and Hall"). VC ¶ 8. See Smaland, 94 Mass. App. Ct. at 108 n. 3. 





 6. The SBA owns Lot 19 ("Lot 19") on the Unit B Plan, directly abutting the Genovas' Lot 18. VC ¶ 18. See Smaland, 94 Mass. App. Ct. at 108. 





 7. Lots 18 and 19 were originally conveyed by Messrs. Kendrick and Hall to one Anna Kristina Myrbeck ("Ms. Myrbeck") by deed dated August 1, 1931 and recorded in the Registry at Book 1617, Page 471, which deed describes the property conveyed as "Lots #18-19 on a plan of 'Great Herring Shores, Unit B' drawn by A.L. Wheeler, dated Oct. 1, 1926, duly recorded with Plymouth County Deeds."





 8. Ms. Myrbeck thereafter conveyed Lot 19 to one Axel Ludvigson by deed dated December 10, 1934 and recorded in the Registry at Book 1680, Page 232, who subsequently conveyed Lot 19 to a trust for the benefit of the owners of seven lots abutting or in the immediate vicinity of Lot 19 by deed dated October 31, 1958 and recorded in the Registry at Book 2669, Page 414, which trust subsequently conveyed Lot 19 to the SBA by deed dated May 20, 1971 and recorded in the Registry at Book 3690, Page 660. 





 9. The SBA is a beach association of which owners of certain properties shown on the Unit B Plan (presumably those that were beneficiaries of the trust established in 1958 referenced above) are members. VC ¶ 18. 





 10. Mr. Cornell is not a member of the SBA. Id. 





 11. Mr. Cornell owns property known as 14 Smaland Lane, VC ¶ 5, by virtue of a deed dated September 18, 2007 and recorded in the Registry at Book 35225, Page 184 ("the Cornell Property"). 





 12. The Cornell Property is not part of the Unit B Plan subdivision and, instead, is shown on a plan entitled "Plan of Land Plymouth, Massachusetts owned by Runar M. and Svea K. Carlson, Scale: 1" = 40' December 23, 2000 Flaherty, Stefani & Bracken Inc. 67 Samoset Street Plymouth, MA" and recorded in the Registry at Plan Book 44, Page 518 as Lot 34- 5 ("the 2000 Plan"). 





 13. The 2000 Plan shows the Cornell Property abutting the Pond to its north and the property shown on the Unit B Plan to its east, where it abuts the most northwesterly length of Smaland Lane/Crescent Road as shown on the Unit B Plan.





 14. This section of Smaland Lane/Crescent Road abuts Lots 39 and 14-17 as shown on the Unit B Plan before ending at the entrance to the Genovas' Lot 18. VC ¶ 9. 





 15. From that point, there is an asphalt boat ramp running into the bed of the Pond. Id. 





 16. In 2004, a dispute arose between the SBA and the Genovas as to, among other things, the Genovas' intent to install a dock in front of the Genova Property (the SBA being of the view that it was entitled to the exclusive use of the area abutting the Pond adjacent to Lots 18 and 19), resulting in the SBA's initiation of the Smaland litigation in 2005. VC ¶ 20. 





 17. Meanwhile, the Genovas applied to the Plymouth Conservation Commission ("the Commission") for a permit to install a dock in 2005, which application was opposed by the SBA and by Mr. Cornell, and which was denied by the Commission. VC ¶ 22. 





 18. The Genovas reapplied to the Commission several years later and, in March 2011, obtained permission to install a dock along the shore of the Pond. VC ¶¶ 23-24. 





 19. Mr. Cornell attended the hearings on this application but did not appeal the grant of permission by the Commission to the Genovas to install their dock. VC ¶ 25. 





 20. On September 25, 2018, the Appeals Court issued its decision in Smaland, in which it held that the Genovas' and the SBA's respective ownership interests in Smaland Lane/Crescent Road under the Derelict Fee Statute, G. L. c. 183, § 58, extended only to the centerline of the road, that ownership of the other side of Smaland Lane/Crescent Road and the bed of the Pond could not be determined in the absence of necessary parties, i.e., the heirs of Messrs. Kendrick and Hall, and that the division line between the Genovas' Lot 18 and the SBA's Lot 19 extended from their shared lot line at a right angle to the centerline of Smaland Lane/Crescent Road. VC ¶ 28.





 21. Thereafter, the Genovas removed their dock from the Pond for the off-season in early fall 2018. VC ¶ 30. 





 22. Not long thereafter, Mr. Cornell parked a boat trailer and speed boat on Smaland Lane/Crescent Road between Lot 18 and the Pond, leaving a four-foot-wide strip between those objects and the water's edge. VC ¶ 33. 





 23. Prior to that, Mr. Cornell had kept the boat trailer and speed boat on the Cornell Property near his house when not in the water. VC ¶ 34. 





 24. The following spring, Mr. Cornell chained a canoe behind the boat trailer and speed boat. VC ¶ 35. 





 25. Mr. Cornell had previously kept the canoe on the Cornell Property near his house. Id. 





 26. The Genovas were able to install their dock during the spring of 2019, but had to maneuver around Mr. Cornell's boat, boat trailer and canoe to do so and to use the dock thereafter. VC ¶ 38. 





 27. The Genovas again removed their dock for the off-season in the fall of 2019. VC ¶ 42. 





 28. In May 2020, Mr. Cornell moved the boat, trailer and canoe to the shoreline of the Pond. VC ¶ 43. 





 29. The Genovas allege, but Mr. Cornell denies, that Mr. Cornell's purpose in doing so was to block the Genovas' access to the dock location permitted by the Commission and that his doing so did block their access thereto. VC ¶¶ 43-45. 





 30. Mr. Cornell refused the Genovas' demand, through counsel, that he remove his obstructions, claiming that he owned the land where they were placed by him under the Derelict Fee Statute. VC ¶ 52.





 31. During the spring and early summer of 2020, Mr. Cornell and the SBA contacted the Commission and the Plymouth Police Department to have them require the Genovas to remove their dock, VC ¶ 54, apparently without success. 





PROCEDURAL HISTORY 





 The procedural history of this action is necessarily informed by the Appeals Court's Smaland decision. There, following bifurcated trials, a judgment entered that, among other things, declared: (1) that the Genovas and the SBA owned the fee in the entire width of Smaland Lane/Crescent Road, i.e., to the shore of the Pond; (2) that the lot line between the lots abutting Smaland Lane/Crescent Road extended across the way, not at right angles to the centerline as proposed by the Genovas or by continuing the same course of the existing lot line as proposed by the SBA, but at an angle precisely in the middle of those two proposals; (3) that the SBA had obtained a prescriptive easement over the area on which the boat ramp and the SBA's dock were located; and (4) that all of the owners of lots shown on the Unit B Plan had the benefit of an easement over Smaland Lane/Crescent Road. Both parties appealed. 





 On appeal, the Appeals Court concluded first, as urged by the SBA, that the SBA and the Genovas only owned the fee in Smaland Lane/Crescent Road to its centerline under the Derelict Fee Statute. This conclusion was required based on the parties' acquiescence to the lower court's determination that the Pond was a privately owned Great Pond. As a result, when Messrs. Kendrick and Hall conveyed out Lots 18 and 19 to Ms. Myrbeck in 1931, they retained real estate-the bed of the Pond-on the opposite side of Smaland Lane/Crescent Road. And, as a result of that, Ms. Myrbeck obtained title only to the centerline of the way under the Derelict Fee Statute. The Smaland court expressly noted that the determination that the Pond was a privately owned Great Pond was "binding only on the parties and their privies," neither party having appealed the trial court's determination of the issue. 94 Mass. App. Ct. at 111 n. 9. Furthermore, the Smaland court stated: 





 Our conclusion that Kendrick and Hall retained ownership of the pond bed and the pondward half of Crescent Road has repercussions for a number of issues raised by the parties. As will become clear throughout our opinion, Kendrick and Hall (or their heirs) were necessary parties for the adjudication of issues affecting their retained interest. Thus, any declaration in the judgment addressing such issues must be vacated. 





Id. at n. 12 (citations omitted). 





 Regarding the course of the parties' shared side lot line, the Smaland court agreed with the Genovas' contention that the lot line between the Genovas' Lot 18 and the SBA's Lot 19 should be drawn at right angles to the centerline of Smaland Lane/Crescent Road based on long established law regarding the drawing of lines of property abutting a river at right angles to the centerline of the river. 94 Mass. App. Ct. at 112. Notably, though, the court vacated the trial court's judgment insofar as it declared the location of the dividing line between the Genovas and the owners of Lot 17 on the Unit B Plan because the owners of Lot 17 were not parties to the case. 94 Mass. App. Ct. at 113 n. 16. 





 The adjudication of the SBA's easement rights over the boat ramp and the land under the SBA's dock was similarly flawed. Having held that the pondward half of Smaland Lane/Crescent Road and the bed of the Pond were owned by Messrs. Kendrick and Hall or their heirs, none of whom were parties to the action, the Smaland court concluded that "there has been a failure to join necessary parties, and, to the extent the judgment purports to declare the parties' rights in the pond bed, the seasonal dock, and the portion of the boat ramp that lies on the pondward half of Crescent Road, it must be vacated. See note 12, supra." 94 Mass. App. Ct. at 113. 





 Finally, as is relevant to this proceeding, the Smaland court agreed with the SBA's argument that the lower court's judgment, declaring that "Crescent Road is an easement for the benefit of the owners of all lots set forth on the Unit B plan," could not stand, "as the parties to this case lack standing to seek a declaration on behalf of nonparties. Moreover, adjudicating the existence of such an easement required the presence of additional indispensable parties. Compare note 12, supra." 94 Mass. App. Ct. at 120 (citations omitted). 





 With that background, as noted above, this suit was commenced on June 22, 2020 with the filing of a complaint and a motion for a preliminary injunction. Mr. Cornell filed a response to the complaint and the application for preliminary relief pro se. A hearing was held on June 25, 2020, at which time the court concluded, as a preliminary matter, that the Genovas were likely to succeed on the merits of their claim for trespass to their easement rights by Mr. Cornell because Mr. Cornell, not having the benefit of the Derelict Fee Statute, did not own the fee in Smaland Lane/Crescent Road where his boat, boat trailer and canoe were placed and because the Genovas had an easement by estoppel over Smaland Lane/Crescent Road. A preliminary injunction issued requiring Mr. Cornell to remove his boat, boat trailer and canoe. 





 On August 14, 2020, counsel appeared on behalf of Mr. Cornell and requested permission to file an amended answer on behalf of Mr. Cornell. That motion was allowed on September 16, 2020. In the amended answer, Mr. Cornell "acknowledge[d] that rights to pass and repass on Crescent Road may be available to all lot owners who utilize Crescent Road (Smaland Lane) as well as all members of the [SBA]." Answer Of Defendant, Stephen Cornell, To Verified Complaint Of Arthur & Patricia Genova, Individually And As Trustees Of The Thirty Seven Wyndham Hill Drive Realty Trust ("Amended Answer") at ¶ 2. Mr. Cornell also stated that "if Crescent Road/Smaland Lane is a private road[,] that Genova, as well as other members of the 

neighborhood who have lots on Crescent Road/Smaland Lane and are members of the [SBA], would have a right to pass on the private road." Amended Answer ¶¶ 62, 63. 





 On October 7, 2020, the court held a hearing on Defendant, Stephen Cornell's Revised Motion To Amend The Pleadings To File A Counterclaim, in which Mr. Cornell sought a declaratory judgment that he owned (1) the fee in Smaland Lane/Crescent Road to the centerline as it abuts the Cornell Property, (2) the fee in the extension of Smaland Lane/Crescent Road, to its centerline, to the low water mark of the Pond, and (3) the fee in the bed of the Pond in the location of the Genovas' dock. Mr. Cornell further requested a declaratory judgment that the Genovas had no right to use those areas, including the right to maintain their dock there, and that "Cornell and Genova have the right to pass and repass on foot and by vehicle on Crescent Road and Smaland Lane but not otherwise to utilize Crescent Road and Smaland Lane and that neither party has the right to maintain or locate any obstruction to the right to pass and repass." The court denied this motion without prejudice on the grounds that Mr. Cornell lacked standing to pursue his claims against the Genovas until he had established his ownership interest in these areas as against other claimants (the Appeals Court having flagged in Smaland that the Commonwealth might own the bed of the Pond, 94 Mass. App. Ct. at 111 and n. 9, and that the heirs of Messrs. Kendrick and Hall retained ownership of the pondward half of Smaland Lane/Crescent Road (and, potentially, the abutting bed of the Pond) in direct opposition to Mr. Cornell's claim of ownership). As reflected in the docket entry for that hearing, Mr. Cornell was given the opportunity to file an amended counterclaim "asserting any claims against the plaintiffs that Mr. Cornell has standing to pursue" by November 9, 2020. 





 On November 9, 2020, Mr. Cornell filed a second motion for permission to file an amended counterclaim and the Genovas filed their Motion For Judgment. A hearing on those 

motions was held on December 9, 2020. Mr. Cornell's second motion to amend was denied on the same grounds relied on previously, i.e., Mr. Cornell's lack of standing to pursue those claims and the absence of necessary parties to determine ownership of the various areas in issue, as set forth in a detailed docket entry of the same date. The Genovas' Motion For Judgment was held in abeyance. As noted in the docket entry, "the parties agree that the [Genovas] have an easement to pass and repass over what is known as Smaland Lane and Crescent Road. Accordingly, judgment can issue with respect to plaintiffs' first request for relief: declaring that [Mr. Cornell] has no right to install or maintain obstructions within the boundaries of Smaland Lane and Crescent Road." The court solicited the parties' views on how to address the Genovas' second request for relief, related to their access to the waters of the Pond and the installation of their dock, where Mr. Cornell's ownership of those areas was still undetermined. A further hearing was scheduled for December 21, 2020 to address that issue. 





 On December 18, 2020, Mr. Cornell filed his Motion To Dismiss and Rule 64 Motion. The Genovas' opposition thereto was filed on January 5, 2021 and Mr. Cornell's reply was filed on January 11, 2021. After a hearing on the motions on January 13, 2021, the court denied Mr. Cornell's Rule 64 Motion and his Motion To Dismiss and allowed the Genovas' Motion For Judgment, for the reasons stated on the record and as set forth below. 





DISCUSSION 





The Rule 64 Motion 





 In his Rule 64 Motion, Mr. Cornell contends that two issues are "critical" to an adjudication of Plaintiff's Motion For Judgment: (1) Mr. Cornell's ownership of the bed of the Pond; and (2) whether the Genovas have an implied easement to pass and repass over Smaland Lane/Crescent Road. This court disagrees.





 Rule 64 provides in pertinent part that "[i]f the trial court is of opinion that an interlocutory finding or order made by it so affects the merits of the controversy that the matter ought to be determined by the appeals court before any further proceedings in the trial court, it may report such matter, and may stay all further proceedings except such as are necessary to preserve the rights of the parties." As described by the Supreme Judicial Court in Morrison v. Lennett, 415 Mass. 857 , 859 (1993), such a report "should be reserved for novel and difficult issues." 





 Here, as was the case in Smaland, the court cannot adjudicate ownership of the bed of the Pond in the absence of the other potential owners: the Commonwealth and the heirs of Messrs. Kendrick and Hall. It is also irrelevant to the Genovas' claim, pursued in their Motion For Judgment, to a right to unobstructed passage over Smaland Lane/Crescent Road. The second issue, regarding the Genovas' easement rights, addressed in detail below, does not raise novel or difficult issues and was previously conceded by Mr. Cornell (although the court does not consider that concession binding on him). The Genovas' rights are a matter of black letter law. And, in view of the court's allowance of the Genovas' Motion For Judgment, there will be no further proceedings in this court for which guidance from an appellate court would be of use. Mr. Cornell will be free to immediately appeal the judgment to be issued with this memorandum of decision and to bring his arguments to the appellate courts without the invocation of Rule 64. 





Motion To Dismiss 





 In his Motion To Dismiss, Mr. Cornell argues (1) that the Genovas lack standing because they have not established that they have easement rights over Smaland Lane/Crescent Road, and (2) that the Genovas have failed to join indispensable parties necessary to an adjudication as to easement rights over Smaland Lane/Crescent Road. Although the former argument is styled as a 

motion to dismiss pursuant to Mass. R. Civ. P. 12 (b) (6) for failure to state a claim, lack of standing raises the issue of this court's subject matter jurisdiction and may also properly be brought pursuant to Mass. R. Civ. P. 12 (b) (1). 





 "To have standing in any capacity, a litigant must show that the challenged action has caused the litigant injury. See Schlesinger v. Reservists Comm. to Stop the War, 418 U.S. 208 (1974); Tileston v. Ullman, 318 U.S. 44 (1943)." Slama v. Attorney Gen., 384 Mass. 620 , 624 (1981). "Moreover, the complained of injury must be a direct consequence of the complained of action. Boston Edison Co. v. Boston Redevelopment Auth., 374 Mass. 37 , 44, 371 N.E.2d 728 (1977)." Ginther v. Commissioner of Ins., 427 Mass. 319 , 323 (1998). As will be discussed more fully below, the Genovas have the benefit of an easement by estoppel over Smaland Lane/Crescent Road. As a result, Mr. Cornell's obstruction of Smaland Lane/Crescent Road causes them injury by interfering with their easement rights-they cannot pass over the way- and their injury is a direct consequence of Mr. Cornell's actions. The Genovas have standing to assert their claim against Mr. Cornell for his allegedly wrongful interference with their easement rights. 





 In addition, this court needs no other parties before it in order to conclude that, even were Mr. Cornell successful in establishing his ownership interest in some or all of Smaland Lane/Crescent Road, he could not obstruct the Genovas' passage over that way because of their easement rights over it, as set forth below. The Genovas do not ask for a determination as to their rights against any other party, nor is such a determination being made by the court. 





Motion For Judgment 





 Based on the allegations of the Verified Complaint admitted by Mr. Cornell, the Genovas seek a judgment on the pleadings as to Count IV, claiming that Mr. Cornell has trespassed 

against their easement rights, and their related claim for declaratory relief set forth in Count I. [Note 2] In particular, the Genovas seek a judgment (1) declaring that Mr. Cornell has no right to block Smaland Lane/Crescent Road, (2) that Mr. Cornell has no right to block the Genovas from crossing Smaland Lane/Crescent Road to access the Pond and their dock, and (3) to enjoin Mr. Cornell from installing obstructions in Smaland Lane/Crescent Road. 





 The threshold issue is whether, on the facts admitted by Mr. Cornell or those of which this court may take judicial notice, the Genovas have the benefit of an easement by estoppel over that portion of Smaland Lane/Crescent Road claimed by Mr. Cornell to be owned in fee. [Note 3] This court concludes that they do. 





 Easements by estoppel fall into two general categories: those where a grantor conveys land bounded on a street or way, and those where the grantor conveys land with reference to a recorded plan on which the way is shown. Patel v. Planning Bd. of North Andover, 27 Mass. App. Ct. 477 , 481-482 (1989). The latter category is applicable here, where Lot 18 was conveyed by Messrs. Kendrick and Hall to Ms. Myrbeck by reference to the Unit B Plan in 1931, a description that was carried forward in the 1975 Deed and the 2017 Deed to the Genovas. "This principle of estoppel 'seems to have become a rule of law rather than a mere canon of construction.'" Murphy v. Mart Realty of Brockton, Inc., 348 Mass. 675 , 678 (1965), quoting Teal v. Jagielo, 327 Mass. 156 , 158 (1951). 





 With respect to easements by estoppel based on conveyances by reference to a recorded plan, "where land situated on a street is conveyed according to a recorded plan on which the street is shown, the grantor and those claiming under him are estopped to deny the existence of the street for the entire distance as shown on the plan." Goldstein v. Beal, 317 Mass. 750 , 755 (1945), quoted in Patel, 27 Mass. App. Ct. at 482. "[A] right of way shown on a plan becomes 'appurtenant to the premises conveyed as clearly as if mentioned in the deed.'" Hickey v. Pathways Ass'n, Inc., 472 Mass. 735 , 754 (2015), quoting Duddy v. Mankewich, 75 Mass. App. Ct. 62 , 67 (2009). There is no requirement that the way be in existence or in use. "This rule is applicable even if the way is not yet in existence, so long as it is contemplated and sufficiently designated." Murphy, 348 Mass. at 678. "The rights also apply even if the way under consideration is obstructed, overgrown, and impassable." Canton Highlands, Inc. v. Searle, 9 Mass. App. Ct. 48 , 54 (1980). There is no requirement that the easement be necessary to the dominant estate. "The rights exist even if there are other ways, public or private, leading to the land." Melrose Fish and Game Club, Inc. v. Tennessee Gas Pipeline Co., LLC, 89 Mass. App. Ct. 594 , 598 (2016). 





 In the case at hand, the state of the record at the close of the pleadings reveals (1) that the Genovas' Lot 18 was conveyed with reference to the Unit B Plan and (2) that the Unit B Plan shows Smaland Lane/Crescent Road extending north from Little Sandy Pond Road, the western entrance to the Unit B Plan subdivision, and turning east as it reaches the shore of the Pond, where it runs between the shore of the Pond on its north and Lots 18, 19 and 20 on its south. Assuming that Mr. Cornell is a successor to Messrs. Kendricks and Hall holding a fee interest in Smaland Lane/Crescent Road, see n. 3 supra, he is estopped from denying the Genovas' easement rights over the way. See Knapp v. Powicki, 2016 Mass. App. Unpub. LEXIS 924, *10-

11 ("We have applied this rule to estop abutters from denying that another abutter on a way enjoys an easement over the way where all of the abutters derived title from a common grantor."), citing Lane v. Zoning Bd. of Appeals of Falmouth, 65 Mass. App. Ct. 434 , 437 (2006). 





 And, because the Genovas have the right to pass and repass over Smaland Lane/Crescent Road, Mr. Cornell's interference with that right by blocking the way with his boat trailer, boat and canoe constituted a trespass. A claim of trespass lies where one party has wrongfully blocked another's easement. Melrose Fish and Game Club, Inc., 89 Mass. App. Ct. at 602-603 ("Since the club continues to hold an easement over Cheever Avenue, the presence of TGP's facility blocking that easement constitutes a continuing trespass. See Porter v. Clarendon Natl. Ins. Co., 76 Mass. App. Ct. 655 , 659, 925 N.E.2d 58 (2010) ('When a trespass is caused by the erection of a permanent structure, that trespass commences on a date certain, and the trespass continues as long as the offending structure remains')."). "The failure to remove the structure 'constitutes a continuing trespass for the entire time during which the thing is wrongfully on the land.' Restatement (Second) of Torts § 161 comment b, at 289 (1965)." Id. at 603. 





 Finally, the Genovas are entitled to an injunction to enforce their rights. Taylor v. Martha's Vineyard Land Bank Comm'n, 475 Mass. 682 , 687 n. 13 (2016) ("an 'injunction is an appropriate remedy to enjoin repeated trespasses, even though no substantial damage is thereby incurred by the landowner.' Doody v. Spurr, 315 Mass. 129 , 134, 51 N.E.2d 981 (1943)"); Amaral v. Cuppels, 64 Mass. App. Ct. 85 , 86 (2005) ("Because the recurrent entry by golf balls onto the plaintiffs' properties constitutes a continuing trespass, we conclude that the trial judge erred in denying injunctive relief. See Hennessy v. Boston, 265 Mass. 559 , 561, 164 N.E. 470 (1929); Fenton v. Quaboag Country Club, Inc., 353 Mass. 534 , 538, 233 N.E.2d 216 (1968)").





CONCLUSION 





 For the foregoing reasons, the Rule 64 Motion and the Motion To Dismiss are DENIED. The Motion For Judgment is ALLOWED. Judgment will issue on Count I of the Verified Complaint declaring that, as between Mr. Cornell and the Genovas, the Genovas have a right to pass and repass over that section of Smaland Lane/Crescent Road that abuts the Cornell Property and that Mr. Cornell has wrongfully interfered with that right by placing obstructions within the boundaries of the way. Judgment will issue on Count IV of the Verified Complaint finding that Mr. Cornell committed a continuing trespass in obstructing Smaland Lane/Crescent Road as it abuts the Cornell Property but no damages will be awarded, none having been sought. Finally, a permanent injunction will enter prohibiting Mr. Cornell from in any way obstructing the Genovas' free passage within the boundaries of Smaland Lane/Crescent Road. The court intentionally does not address the rights of Mr. Cornell in the bed of the Pond or the area between the northern boundary of Smaland Lane/Crescent Road and the water's edge, which cannot be adjudicated in the absence of other necessary parties. 





 SO ORDERED. 





FOOTNOTES
[Note 1] See Wing Mem'l Hosp. v. Dep't. of Pub. Health, 10 Mass. App. Ct. 593 , 596 (1980) ("When the parties had completed their pleadings, all that remained for the judge to decide was whether the clinics could exist on the authority of the plaintiff's existing license or whether it was necessary for the plaintiff's clinics to obtain separate licenses based upon a DON for the clinics. The judge decided these questions of law adversely to the plaintiff, and no material fact was in dispute. The case was properly disposed of by a motion under rule 12 (c).") (citations omitted). 

[Note 2] The Genovas also seek a judgment on the pleadings with respect to their claim for injunctive relief, Count II, but such a request is for a particular remedy and does not assert a cause of action. 

[Note 3] The court assumes, without deciding, that Mr. Cornell owns the fee in the portion of Smaland Lane/Crescent Road that abuts the Cornell Property. As has been noted in prior hearings, the issue is not free from doubt: (1) the record before this court does not establish that Messrs. Kendrick and Hall jointly owned the property shown on the Unit B Plan at the time that they conveyed the Cornell Property to Mr. Cornell's predecessor; (2) it is not clear that the Derelict Fee Statute applies to real property outside the boundaries of a subdivision; and (3) Mr. Cornell's claim to the pondward side of Smaland Lane/Crescent Road as it abuts his property is in direct conflict with the Smaland court's determination that the heirs of Messrs. Kendrick and Hall own it. 


 
 Home/Search 
 Land Cases by Docket Number
 Land Cases by Date 
 Land Cases by Name
 


 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.